# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMEL DAVIS** : |  |
| Petitioner, : |  |
| : |  |
| v. : | **CIVIL ACTION NO. 18-5596** |
| : |  |
| **KEVIN KAUFFMAN,** *et al.* : |  |
| Respondents. : |  |

## ORDER

**AND NOW,** this 19th day of February 2020, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth T. Hey, and the objections thereto, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to **REMOVE** the case from Civil Suspense;
2. The Objections are **OVERRULED** and the R&R [Doc. No. 12] is **APPROVED** and **ADOPTED**[1];
3. The Petition for Writ of Habeas Corpus is **DISMISSED AS UNTIMELY**;
4. There is no probable cause to issue a certificate of appealability; and
5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

                                          **BY THE COURT:**

                                          **/s/ Cynthia M. Rufe**

                                          **CYNTHIA M. RUFE, J.**

---

[1] As explained in the R&R, Davis filed his petition too late. Davis's conviction became final on January 17, 2000. Davis did not file his § 2254 petition until September 24, 2018. His PCRA proceedings in state court did not toll the time to file his petition here as the first PCRA petition was resolved in 2002, and the second and third petitions were held to be untimely in the Pennsylvania courts and therefore were not "properly filed" for tolling purposes. In addition, Davis has not shown a basis for equitable tolling (there is no argument that he was prevented from timely filing a petition) or that he is actually innocent. Instead, he argues that his sentence of life without parole was unconstitutional, but as he was 18 years old at the time of the crime he cannot rely upon the Supreme Court's ruling as to juveniles in *Miller v. Alabama*, 56 U.S. 460 (2012). Davis also alludes to *Alleyne v. United States*, 570 U.S. 99 (2013), which relates to facts that enhance sentencing that must be found by a jury, and not to a claim of actual innocence.